# United States Court of Appeals for the Fifth Circuit

No. 23-30839

Premier Offshore Catering, Incorporated,

*Claimant—Appellee*,

Modern American Railroad Services, L.L.C.; Shore Offshore Services, L.L.C.,

*Plaintiffs—Appellees*,

versus

Patrick Burnett,

*Claimant—Appellant*,

J. Kyle Findley, *Individually, and in the sole capacity to respond to R&R*,

*Respondent—Appellant.*

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-258
USDC No. 2:21-CV-337
USDC No. 2:21-CV-464
USDC No. 2:21-CV-822
USDC No. 2:21-CV-1968
USDC No. 2:21-CV-1969
USDC No. 2:21-CV-1981
USDC No. 2:21-CV-1982

USDC No. 2:21-CV-2075
USDC No. 2:21-CV-2227

_____

To: Mr. William P. Gibbens,

<u>NOTICE AND ORDER TO SHOW CAUSE</u>

     Under 5TH CIR. R. R. 42.3.1.1, this case may be dismissed 15 days from the date of this order for your failure to make financial arrangements with the court reporter under FED. R. APP. P. 10(B)(4). You are also directed to show cause in writing within 15 days why we should not impose disciplinary action against you for failing to fulfill your responsibility to make financial arrangements with the court reporter. If you remedy the default, the appeal will **not** be dismissed but the clerk **may** refer the matter to the court for disciplinary action. However, if "...the default is not remedied ... the clerk **may** enter an order dismissing the appeal for want of prosecution .... The clerk **shall** refer to the court the matter of disciplinary action against the attorney." (emphasis added)

                                        LYLE W. CAYCE
                                        Clerk of the United States Court
                                        of Appeals for the Fifth Circuit

          By: _____
                 Whitney M. Jett, Deputy Clerk

              ENTERED AT THE DIRECTION OF THE COURT

cc:
  Mr. Gavin H. Guillot
  Ms. Sandra T. Minutillo

Mr. John Martin Ribarits
Mr. Robert Pitard Wynne