No. 23-30839

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

Premier Offshore Catering, Incorporated,

*Claimant - Appellee*

Modern American Railroad Services, L.L.C.; Shore Offshore Services, L.L.C.,

*Plaintiffs – Appellees*

v.

Patrick Burnett,

*Claimant – Appellant*

J. Kyle Findley, Individually, and in the sole capacity to respond to R&R,

*Respondent – Appellant*

_____

**On Appeal from**
United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-258
USDC No. 2:21-CV-337
USDC No. 2:21-CV-464
USDC No. 2:21-CV-822
USDC No. 2:21-CV-1968
USDC No. 2:21-CV-1969
USDC No. 2:21-CV-1981
USDC No. 2:21-CV-1982

_____

# BRIEF OF RESPONDENT-APPELLANT J. KYLE FINDLEY
# AND CLAIMANT-APPELLANT PATRICK BURNETT

_____

SUBMITTED BY:

William P. Gibbens
Louisiana Bar No. 27225
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112
(504) 680-6050
(504) 680-6051
billy@semmlaw.com

*Attorney for Appellant J. Kyle Findley*


Bob Wynne
Texas Bar No. 24060861
THE WYNNE FIRM, P.C.
24 Greenway Plaza, Suite 500
Houston, Texas
(281) 813-8959
service@justwynnelaw.com

*Attorney for Appellant Patrick Burnett*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Modern American Railroad Services, L.L.C. | Gavin Guillot of Pusateri, Johnston, Guillot & Greenbaum, L.L.C. New Orleans, LA |
| Premier Offshore Catering, Incorporated | John Ribarits, Heather von Sternberg and Jesse Frank of Chaffe McCall, LLP, Houston, TX and New Orleans, LA |
| Shore Offshore Services, L.L.C. | Gavin Guillot of Pusateri, Johnston, Guillot & Greenbaum, L.L.C. New Orleans, LA |

| Appellants: | Counsel for Appellants: |
|---|---|
| Patrick Burnett | Robert Wynne of The Wynne Firm, P.C., Houston, TX |
| J. Kyle Findley | William Gibbens of Schonekas, Evans, McGoey & McEachin, L.L.C. New Orleans, LA |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Harvey Gulf International Marine, LLC | Edwin Laizer, Johnny Domiano, Catherine Creed, Charles Cerise and Matthew Guy of Adams & Reese, LLC, New Orleans, Louisiana |
| Harvey Seas, LLC | Edwin Laizer, Johnny Domiano, Catherine Creed, Charles Cerise and |

| | |
|---|---|
| | Matthew Guy of Adams & Reese, LLC, New Orleans, Louisiana |
| Martin Energy Services, LLC | Kirk Aurandt and Michael McMahon of Daigle Fisse & Kessenich, Madisonville, LA |
| Dawn Services, LLC | David Reisman, Brett Wise, Lance Bullock, and Raymond Waid of Liskow & Lewis, New Orleans, LA |
| All Coast, LLC | Matthew Moeller and David Smith of The Moeller Firm, LLC, New Orleans, LA |
| Chubb Underwriting Agencies Limited | Leah Engelhardt and Alexander DeGiulio of Chaffe McCall, LLP, New Orleans, LA |
| Garber Bros., LLC | John Hughes of Allen & Gooch, Lafayette, LA |
| Gulf Logistics, LLC | Alan Meche of Allen & Gooch, Lafayette, LA |
| C & G Boats, Inc. | Alan Meche of Allen & Gooch, Lafayette, LA |
| Crosby Tugs, LLC | Jefferson Tillery, Sara Kuebel and Alfred Rufty of Jones Walker, New Orleans, LA |
| Weeks Marine, Inc. | Harold Flanagan, Anders Holmgren, Dennis Durocher, and Laurent Demosthenidy of Flanagan Partners, New Orleans, LA |
| GOL, LLC | Harold Flanagan, Anders Holmgren, Dennis Durocher, and Laurent Demosthenidy of Flanagan Partners, New Orleans, LA |
| REC Boats, LLC | Harold Flanagan, Anders Holmgren, Dennis Durocher, and Laurent Demosthenidy of Flanagan Partners, New Orleans, LA |
| REC Marine Logistics, LLC | Harold Flanagan, Anders Holmgren, Dennis Durocher, and Laurent Demosthenidy of Flanagan Partners, New Orleans, LA |

| | |
|---|---|
| C & G Welding, Inc. | Lawrence Plunkett and John Box of Reich, Album and Plunkett, Mandeville, LA |
| Terrynn Lyons | Michael Palmintier of Palmintier Law Group, Baton Rouge, LA |
| Randy Rials | Randy Ungar of Ungar Law Firm, Metairie, LA<br>Charles Mills and Marc Kutner of Spagnoletti Law Firm, Houston, TX |
| Montrell Smith | Randy Ungar of Ungar Law Firm, Metairie, LA<br>Charles Mills and Marc Kutner of Spagnoletti Law Firm, Houston, TX |
| RAF, Inc. | Rufus Harris, Cindy Martin, Corey Parenton, James Crouch, Jason Kenney of Staines & Eppling, Metairie, LA |
| Global Towing Services, LLC | Rufus Harris, Cindy Martin, Corey Parenton, James Crouch, Jason Kenney of Staines & Eppling, Metairie, LA |
| Offshore Towing, Inc. | Rufus Harris, Cindy Martin, Corey Parenton, James Crouch, Jason Kenney of Staines & Eppling, Metairie, LA |
| Oceaneering International, Inc. | Michael Harowski of Wilson Elser, New Orleans, LA<br>Cameron Hatzel of Legge, Farrow, Kimmit, McGrath & Brown, LLP, Houston, TX<br>Michael Orlando and Robert Brennan of Meyer Orlando, LLP, Houston, TX |
| C-Port, LLC | Thomas Morrison, Colin Cambre, and Katharine Colletta of Phelps Dunbar, LLP, New Orleans, LA |
| Greater Lafourche Port Commission | Patrick McShane, Blake Donewar, Danica Denny, Kathleen Rice, Phoebe Hathorn of Frilot, LLC, New Orleans, LA |
| Brian Cloyd | J. Kyle Findley, Adam Lewis, John Grinnan, and Kate Sellers of Arnold & Itkin, Houston, TX |

| | Andy Dupre and Ilijana Todorovic of The Dupre Law Firm, New Orleans, LA<br>Antonio Clayton of Clayton, Fruge & Ward, LLC, Port Allen, LA<br>Robert P. Wynne of The Wynne Firm, P.C., Houston, TX |
|---|---|
| Wallace McCray | J. Kyle Findley, Adam Lewis, John Grinnan, and Kate Sellers of Arnold & Itkin, Houston, TX<br>Andy Dupre and Ilijana Todorovic of The Dupre Law Firm, New Orleans, LA<br>Antonio Clayton of Clayton, Fruge & Ward, LLC, Port Allen, LA<br>Robert P. Wynne of The Wynne Firm, P.C., Houston, TX |
| Lewis Andrews | J. Kyle Findley, Adam Lewis, John Grinnan, and Kate Sellers of Arnold & Itkin, Houston, TX<br>Andy Dupre and Ilijana Todorovic of The Dupre Law Firm, New Orleans, LA<br>Antonio Clayton of Clayton, Fruge & Ward, LLC, Port Allen, LA<br>Robert P. Wynne of The Wynne Firm, P.C., Houston, TX |
| Lessle Williams | J. Kyle Findley, Adam Lewis, John Grinnan, and Kate Sellers of Arnold & Itkin, Houston, TX<br>Andy Dupre and Ilijana Todorovic of The Dupre Law Firm, New Orleans, LA<br>Antonio Clayton of Clayton, Fruge & Ward, LLC, Port Allen, LA<br>Robert P. Wynne of The Wynne Firm, P.C., Houston, TX |
| Fieldwood Energy, LLC | James Bercaw of King & Jurgens, LLC, New Orleans, LA |
| Fieldwood Energy Offshore, LLC | James Bercaw of King & Jurgens, LLC, New Orleans, LA |
| Gulf Coast Marine, LLC | Matthew Moeller and David Smith of The Moeller Firm, LLC, New Orleans, LA |

| | |
|---|---|
| Coastal Towing, LLC | Timothy Hassinger, Kelsey Bonnafons, and Patrick Schepens of Galloway, Johnson, Tompkins, Burr & Smith, Mandeville, LA<br>Margaret Davis of D'Arcy Vicknair, LLC, New Orleans, LA |
| Talisman Casualty Insurance Company, LLC | Timothy Hassinger, Kelsey Bonnafons, and Patrick Schepens of Galloway, Johnson, Tompkins, Burr & Smith, Mandeville, LA<br>Margaret Davis of D'Arcy Vicknair, LLC, New Orleans, LA |
| Complete Logistical Services, LLC | Ivan Rodriguez and Arthur Kraatz of Phelps Dunbar, New Orleans, LA |
| U.S. Specialty Insurance Company | Sidney Degan and Philip Brickman of Degan, Blanchard & Nash, New Orleans, LA |
| Brittney Duplantis | Marc Kutner of Spagnoletti Law Firm, Houston, TX |
| Martin Operating Partnership, LP | Kirk Aurandt, Demi Dantin, and Michael McMahon of Daigle Fisse & Kessenich, Madisonville, LA |

*/s/ William P. Gibbens*
William P. Gibbens
*Counsel for Respondent-Appellant J. Kyle Findley*


*/s/ Bob Wynne*
Bob Wynne
*Counsel for Claimant-Appellant Patrick Burnett*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Appellants do not believe that oral argument is necessary for the Court to resolve this appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................ viiiiii

TABLE OF CONTENTS ........................................................................... ix

TABLE OF AUTHORITIES ......................................................................x

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES..............................................................2

STATEMENT OF THE CASE...................................................................3

SUMMARY OF THE ARGUMENT ........................................................9

ARGUMENT ........................................................................................12

    A.    The Appellants Did Not Destroy Evidence.................................13

    B.    The Appellants Did Not Act In Bad Faith. ................................16

    C.    The District Court's Sanctions Are Unreasonable. ...................17

    D.    The Appellants Were Not Prejudiced. .......................................18

    E.    The Need For Deterrence Is Small.............................................19

CONCLUSION ....................................................................................19

CERTIFICATE OF SERVICE ..............................................................21

CERTIFICATE OF COMPLIANCE.......................................................22

# TABLE OF AUTHORITIES

**Cases**

*Chambers v. NASCO, Inc.*,
   501 U.S. 32, 44 (1991) ..........................................................................................12

*Coastal Bridge Co., L.L.C. v. Heatec, Inc.*,
   833 F. App'x 565, 574 (5th Cir. 2020)...................................... 10, 12, 13, 14, 17

*Consol. Aluminum Corp. v. Alcoa, Inc.*,
   244 F.R.D. 335, 346 (M.D. La. 2006)..................................................................16

*Guzman v. Jones*,
   804 F.3d 707, 713 (5th Cir. 2015)............................................................. 12, 16

*In re Booker*,
   624 F. App'x 319, 320 (5th Cir. 2015)..................................................................13

**Other Authorities**

28 U.S.C. § 1291 .........................................................................................................1

## <u>JURISDICTIONAL STATEMENT</u>

This Court has jurisdiction under 28 U.S.C. § 1291 because this is an appeal of a final order of the United States District Court for the Eastern District of Louisiana.

## <u>STATEMENT OF THE ISSUES</u>

Kyle Findley is the lawyer for Patrick Burnett, a plaintiff in a personal injury lawsuit. On Friday, September 2, 2022, the Magistrate Court ordered an independent medical examination (IME) of Mr. Burnett. Four days later (and before the IME), Mr. Burnett had a back surgery.

Based on this surgery, the Magistrate Court erroneously recommended that Mr. Findley and Mr. Burnett be sanctioned for spoliation of evidence, and the District Court adopted the Magistrate Court's recommendation.

The District Court's sanction was unwarranted. First, the Appellants did not intentionally destroy evidence because Mr. Burnett was unaware of the IME order and Mr. Findley was unaware of the surgery. Second, the Appellants did not act in bad faith; rather, there was a miscommunication about the IME and the surgery. Finally, the Appellees were not prejudiced because their own physician was able to render an opinion on Mr. Burnett's medical condition based solely on the medical records.

In addition, after the Magistrate Court recommended its sanction but before the District Court adopted it, Mr. Burnett settled his claims with the Appellants. Accordingly, the District Court's sanctions order should be vacated as moot.

## STATEMENT OF THE CASE

Mr. Burnett is a personal-injury claimant. On October 28, 2022, he was aboard the D/B THOR, a barge that was tied up to a dock in the path of Hurricane Zeta.[1] Mr. Burnett's employer was Premier and the barge itself was owned by the THOR Interests.[2] When the hurricane impacted the area, its storm surge caused Mr. Burnett to suffer serious injuries aboard the barge.[3]

Three days after the incident, Premier sent Mr. Burnett in for an examination with its chosen doctor.[4] In connection with that visit, Mr. Burnett gave Premier's representative permission to be present in the room during his treatment, and by all indications, that representative was present during the examination.[5]

Within a week, another examination followed with a different healthcare provider selected by Premier. Once again, Premier requested, authorized, and paid for this treatment.[6] Significantly, a physician paid for by Premier conducted an examination of Mr. Burnett's back before any surgical procedure.[7] Based upon that exam and previous x-rays, that doctor diagnosed Mr. Burnett with acute lumbar strain and left lumbar radiculopathy and ordered a lumbar MRI.[8]

---

[1]    ROA.23-30839.8874.
[2]    ROA.23-30839.8874.
[3]    ROA.23-30839.8874-8875
[4]    ROA.23-30809.7549.
[5]    ROA.23-30809.7534.
[6]    ROA.23-30809.7565-7566, 7576.
[7]    ROA.23-30809.7580-7582.
[8]    ROA.23-30809.7581-7582.

On November 16, 2020, Mr. Burnett filed suit in Texas state court against Premier, one of the THOR Interests (Shore), and certain other entities.[9] About a week later, the defendants removed the case to federal court.[10] On March 4, 2022, the THOR Interests filed a limitation of liability action.[11] The District Court then entered an order restraining the Texas federal case from proceeding.[12] The THOR Interests immediately notified the Southern District of Texas of that order, and the matter proceeded in the Eastern District of Louisiana.[13]

Amid all of this, Mr. Burnett continued with necessary recommended treatment being provided by his treating doctors for the severe injuries he sustained in the incident.[14]

On July 11, 2022, Mr. Burnett's doctor recommended back surgery.[15] That day, the surgery was set for August 30, 2022.[16] Around the same time, on July 13, 2023, Premier moved to compel an IME of Mr. Burnett.[17] Mr. Burnett opposed that

---

[9]    ROA.23-30839.8875
[10]   ROA.23-30839.8876
[11]   ROA.23-30839.10134.
[12]   ROA.23-30839.10211.
[13]   ROA.23-30839.8875.
[14]   ROA.23-30839.4368.
[15]   ROA.23-30839.5728
[16]   ROA.23-30839.5729
[17]   ROA.23-30839.4325

motion, noting that he had a pending motion to bifurcate damage proceedings from liability proceedings in this case.[18]

While the motion to compel was pending, Mr. Burnett arrived in Houston on August 24, 2022, so that he might have the surgery on August 30, 2022.[19] His return flight was already booked for September 8, 2022.[20] Mr. Burnett's surgery was ultimately pushed back by his doctor, and without notice to Mr. Findley, until September 6, 2022.[21] Mr. Burnett testified that he did not communicate with his lawyers regarding this change in surgical date.[22] Mr. Findley was not involved with the scheduling of Mr. Findley's medical procedures, was not aware of any scheduling changes to the surgery made by Mr. Burnett's doctor, and did not learn of the new surgery date until after it occurred.[23]

On Friday, September 2, 2022, at approximately 3:50 pm, the Magistrate Court granted the motion to compel Mr. Burnett's IME.[24] Mr. Burnett did not communicate to his counsel that the surgery he was scheduled to undergo before the IME motion was granted had not gone forward and had instead been moved to

---

[18]     ROA.23-30839.4596
[19]     ROA.23-30839.8034
[20]     ROA.23-30839.8034
[21]     ROA.23-30839.7504
[22]     ROA.23-30839.7505-7506
[23]     ROA.23-30839.9277
[24]     ROA.23-30839.5465

September 6, 2022. Therefore, his back surgery went forward on September 6, 2022, unbeknownst to Mr. Findley.[25]

The Thor Interests and Premier moved for sanctions solely against Mr. Burnett contending that the surgery days after the Court's IME order constituted spoliation of evidence.[26] After a hearing, the Magistrate Court ordered that Mr. Burnett be deposed about when he knew of the surgical recommendations, and that the movers' IME physician, Dr. David Vanderweide, provide an affidavit on whether the surgery spoliated evidence.[27]

Mr. Burnett sought to depose Dr. David Vanderweide and not merely accept an untested affidavit on his opinions.[28] The Thor Interests and Premier opposed that effort,[29] but the Magistrate Court granted Mr. Burnett's motion.[30] As the Magistrate Court recognized, prejudice was a "critical component" of a spoliation inquiry. As its order explained: "The Court finds that since the parties must show that they were prejudiced by the inability of Dr. Vanderweide to perform a pre-surgery IME, and spoliation is a critical component in assessing the pending sanctions motion, Burnett's deposition of Dr. Vanderweide is necessary."[31]

---

[25]     ROA.23-30839.7505-7506
[26]     ROA.23-30839.5636
[27]     ROA.23-30839.6469
[28]     ROA.23-30839.7208
[29]     ROA.23-30839.7228
[30]     ROA.23-30839.7383
[31]     ROA.23-30839.7383-7384

At his deposition, Dr. Vanderweide confirmed that he can, and regularly does, render medical opinions on the necessity of surgery based solely on medical records (and without the need for a physical examination).[32] Dr. Vanderweide conceded that he *was*, in fact, able to render an opinion that Mr. Burnett did not need surgery based solely on the records presented, and that he had all the information he needed to render that opinion.[33] Further, Dr. Vanderweide testified that the absence of a pre-surgical physical exam had no ultimate impact *at all* on his medical opinions on Mr. Burnett.[34]

Dr. Vanderweide's testimony is clear, concise, and telling: the defendants suffered no prejudice in having Dr. Vanderweide perform an examination after surgery had occurred because Dr. Vanderweide had everything he needed from records that predated the surgery. In fact, Dr. Vanderweide's ultimate opinion that Mr. Burnett did not require surgery as a result of the incident would be the same regardless of whether he performed an IME before or after any surgical intervention.

The Magistrate Court ultimately issued a report and recommendation that recommended sanctioning Mr. Burnett.[35] The Magistrate Court went further to state Mr. Findley's name individually, though no sanction against him was requested and

---

[32] ROA.23-30839.7859-7864.
[33] ROA.23-30839.7859-7864
[34] ROA.23-30839.7898; ROA.23-30839.7903-7904; ROA.23-30839.7912.
[35] ROA.23-30839.8874

no sanction was specifically identified in the report. The Magistrate Court determined that Mr. Findley acted in bad faith, although no evidence existed that Mr. Findley knew about Mr. Burnett's surgery being scheduled for a date after the Court's IME order. This determination is dependent in large part on imputing the knowledge or actions of Mr. Findley's staff and co-counsel.[36]

As to whether Premier and the THOR Interests were prejudiced, the report and recommendation noted that Dr. Vanderweide testified that he could not perform certain tests on Mr. Burnett in light of Mr. Burnett having undergone surgery.[37] The report and recommendation did not address Dr. Vanderweide's express testimony that his ability to render his opinions in this case—that Mr. Burnett did not need the surgery—was not impacted, and therefore, no prejudice was sustained. It also did not give weight to the fact that Premier had previously scheduled and paid for two medical examinations of Mr. Burnett prior to surgery taking place.

On October 8, 2023, Mr. Burnett entered into a settlement agreement with the Thor Interests and Premier Offshore Catering, Inc. Under the settlement agreement, the Thor Interests and Premier Offshore Catering, Inc. released and waived all claims, theories, and arguments of any kind related to spoliation of evidence and/or sanctionable conduct.

---

[36]     ROA.23-30839.8885
[37]     ROA.23-30839.8888-8889.

On October 24, 2023, the District Court adopted the Magistrate Court's Report and Recommendation that Mr. Findley and Mr. Burnett be sanctioned for spoliation of evidence and for disregarding the Magistrate Court's discovery order.[38]

## SUMMARY OF THE ARGUMENT

Without addressing anything substantive about this case, this Court should vacate the District Court's sanctions order as moot for the simple reason that, before the District Court adopted the Magistrate Court's Report and Recommendation, the parties who filed the underlying sanctions motion settled their dispute with Mr. Burnett and have agreed to release and waive any claims that Mr. Burnett or Mr. Findley committed any sanctionable conduct.

But even if that were not the case, the Court should vacate the District Court's sanctions order on the merits. On Friday, September 2, 2022, the Magistrate Court issued an order compelling an independent medical exam (IME) of Mr. Burnett, but Mr. Burnett underwent a back surgery just four days later—right after the Labor Day weekend and before the IME occurred. The relevant defendants to Mr. Burnett's personal-injury claims—Premier Offshore Catering, Inc. and the "THOR Interests," which are Modern American Railroad Services, L.L.C. and Shore Offshore Services, LLC—seized upon that turn of events and moved the Court to sanction Mr. Burnett because he allegedly "spoiled" evidence by undergoing surgery before his IME.

---

[38] ROA.23-30839.9328

9

The Magistrate Court issued a Report and Recommendation, which the District Court adopted, sanctioning Mr. Burnett and Mr. Findley and excluding from trial the evidence of over $800,000 in surgical costs related to Mr. Burnett's personal-injury claim. The District Court also adopted the Magistrate Court's recommendation for an adverse inference instruction and an award of attorneys' fees and costs to the defendants.

Mr. Findley and Mr. Burnett urge this Court to vacate the District Court's order because it erred in finding (1) that Burnett and Findley "controlled the evidence" and were "under an obligation to preserve it at the time of destruction"; (2) that the evidence was "intentionally destroyed;" and (3) that Burnett and Findley "acted in bad faith." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020).

First, although Mr. Findley had an initial duty to preserve Mr. Burnett's condition such that he could be medically evaluated, that duty was fulfilled when the Appellees' own doctor examined Mr. Burnett right after his injury and when Mr. Burnett had a host of medical records made and imaging taken before surgery that documented the pre-surgical state of his back. Indeed, the Appellees' own IME physician testified that an IME was not necessary to render his opinion because the records were so comprehensive.

Second, neither Mr. Burnett nor Mr. Findley intentionally destroyed evidence. Mr. Burnett testified that he did not tell Mr. Findley when his surgery was happening. So at worst, Mr. Findley merely did not inform his client of an order related to an IME motion over a holiday weekend

Finally, the District Court's finding that Mr. Findley acted in bad faith fails to place due weight on the short timing between the IME order and the surgery and fails to consider that Mr. Burnett's condition was previously preserved.

Further, even if sanctions were warranted, the District Court's sanctions are unreasonable. As mentioned, the Appellants' degree of fault was low—if existent at all—because they did not alter or destroy evidence; at most, Mr. Findley overlooked communicating to Mr. Burnett about the need to undergo an IME before surgery over a holiday weekend. Moreover, the Appellees suffered little prejudice because of the voluminous radiological images and their past examinations of Mr. Burnett. Again, the Appellees' chosen IME physician testified that he did *not* need a pre-surgery IME to render his opinion. Last, the need for deterrence here is low given the uniqueness of the Magistrate Court's IME order, the short time-lapse over the holiday weekend, and Mr. Burnett's changed surgery schedule that was never relayed to Mr. Findley before the surgery took place.

## ARGUMENT

The parties here entered into a settlement agreement. In the agreement, the Appellees released all claims, theories, and arguments of any kind, that Mr. Burnett and Mr. Findley committed spoliation of evidence or other sanctionable conduct. Accordingly, without reaching any of the substantive arguments below, the Court should vacate the District Court's sanctions order.

A trial court's decision on a motion for sanctions for spoliation of evidence during discovery is reviewed for abuse of discretion. *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). A federal court has the inherent power to sanction a party who has abused the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "The spoliation of evidence doctrine governs the intentional destruction of evidence." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020). "A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Id.* at 574. "It is insufficient to show that a party acted negligently, rather than intentionally, in spoliating the evidence." *Id.* at 573. And the party seeking sanctions must prove a spoliation claim by "clear and convincing evidence." *In re Booker*, 624 F. App'x 319, 320 (5th Cir. 2015).

The District Court erred in finding that Mr. Findley and Mr. Burnett committed spoliation. To start, although Mr. Findley had an initial duty to preserve Mr. Burnett's condition such that he could be medically evaluated, that duty was fulfilled by the Appellees' past examinations of Mr. Burnett and by the many records documenting the state of his back. In addition, Mr. Findley did not intentionally destroy evidence. Mr. Burnett did not tell Mr. Findley of his changed surgery date. So at worst Mr. Findley overlooked informing his client of an IME order over a holiday weekend while having no knowledge a surgery had been moved to occur immediately after the weekend. And the District Court's finding that Mr. Findley acted in bad faith is unsupported because it fails to properly consider the peculiar circumstances of this case and the short timespan between the IME order and the surgery mere days later.

## A.    The Appellants Did Not Destroy Evidence.

The first element of a spoliation claim is that "the spoliating party must have controlled the evidence and been under an obligation to preserve it *at the time of destruction*." *Coastal Bridge Co.*, 833 F. App'x at 574 (emphasis added). While a duty to preserve Mr. Burnett's back condition such that Mr. Burnett could be medically evaluated may have existed immediately following his injuries, by the time of Mr. Burnett's surgery in late 2022, that duty had long been fulfilled. Just days after Mr. Burnett's accident, the Appellees' own doctors examined Burnett's

back—twice.[39]   And in the two years between Mr. Burnett's accident and his surgery, hundreds of medical records and images so fully documented the state of his back that the Appellees' own IME physician testified that he did not need to conduct an IME in order to determine whether Mr. Burnett needed surgery.[40] By the time of Mr. Burnett's surgery, then, the evidence of Mr. Burnett's back injury was sufficiently preserved such that Mr. Burnett did not spoil anything by having a surgery to relieve his pain. Thus, Mr. Findley did not breach any duty to preserve evidence.

The intentional destruction of evidence is at the heart of a spoliation claim— "[i]t is insufficient to show that a party acted negligently, rather than intentionally, in spoliating the evidence." *Coastal Bridge Co.*, 833 F. App'x at 573. Here, nothing—much less clear and convincing proof—shows that either Mr. Findley or Mr. Burnett intentionally destroyed evidence.

To start, Mr. Findley was not involved in the day-to-day scheduling of Mr. Burnett's medical procedures.[41] Indeed, Mr. Burnett testified that he did not speak with Mr. Findley about his surgery date or about his medical procedures generally.[42]

---

[39]     ROA.23-30839.7549; ROA.23-30839.7565-7566.
[40]     ROA.23-30839.7898; ROA.23-30839.7903-7904; ROA.23-30839.7912
[41]     ROA.23-30839.9277.
[42]     ROA.23-30839.7505-7506

And regarding the surgery being rescheduled to take place after the Magistrate Court issued its IME order, Mr. Burnett testified:

> Q. Did you have any communications with your attorneys about this surgery being rescheduled?
>
> A. No.[43]

That means Mr. Findley at most knew or should have known that Mr. Burnett had a surgery scheduled for August 30, 2022, which was two days before the Magistrate Court issued the order compelling the IME. So Mr. Findley had no reason to think that he needed to call Mr. Burnett immediately and tell him not to have an operation once that order came down—for all he knew, any operation was already complete. Mr. Findley thus was not intentionally trying to flout the court's IME order or destroy evidence.

Because Mr. Findley's office arranged for Mr. Burnett's medical travel, the Magistrate Court dismissed Mr. Burnett's testimony as deceptive.[44] At his deposition, however, Mr. Burnett was not asked whether he spoke with support staff. He was asked specifically whether he spoke with his "attorneys" about his medical scheduling and he truthfully answered no.[45]

---

[43]     ROA.23-30839.7505-7506
[44]     ROA.23-30839.8894.
[45]     ROA.23-30839.7505-7506

In the end, there is zero evidence, much less *clear and convincing* evidence, to show that Mr. Findley intentionally destroyed evidence. Indeed, the only direct evidence submitted on the issue—the testimony of Mr. Burnett—supported Mr. Findley's explanation that he did not know that Mr. Burnett was scheduled for surgery after the Magistrate Court issued its IME order.

**B.**     **The Appellants Did Not Act In Bad Faith.**

"Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). Bad faith is not proven when the destruction of evidence could stem from mere negligence or incompetence. *See, e.g.*, *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 346 (M.D. La. 2006) (failure to timely inform employees of a duty to preserve emails did not constitute bad faith).

There is no evidence that Mr. Findley or Mr. Burnett destroyed evidence in bad faith. Rather, Mr. Burnett's pre-IME surgery was the result of tight timeframes, miscommunications, and holidays. Nothing suggests that Mr. Findley sought to "hid[e] adverse evidence." *Guzman*, 804 F.3d at 713 (5th Cir. 2015). Instead, the record supports that Mr. Findley provided voluminous medical records to the Appellees documenting every image and medical examination related to Mr. Burnett's pre-surgical condition.

"If a party *intentionally* destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party." *Coastal Bridge Co.*, 833 F. App'x at 573. The seriousness of those sanctions depends on:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Id.*

## C.   The District Court's Sanctions Are Unreasonable.

Even if sanctions were warranted here, the District Court's sanctions are unreasonable. As mentioned, the degree of fault was low—if existent at all—because there was no destruction of evidence.   At most, Mr. Findley overlooked communicating to one of his clients about the need to undergo an IME before surgery over a holiday weekend. Further, the Appellees suffered little prejudice because their IME doctor testified that the absence of a pre-surgical IME did not affect his opinion. So even if he would have performed more tests on Mr. Burnett in his pre-surgery state, it would not have changed anything. Last, the need for deterrence here is small given the oddities of how the Court's order timed with the holiday weekend and Mr. Burnett's changed surgery schedule. So at most, the recommended sanction should have been an adverse inference on the surgeries in question.

## D. **The Appellants Were Not Prejudiced.**

As noted above, the Movers' own doctors examined Mr. Burnett within days of the incident that led to his injury and specifically conducted examinations of his back. Therefore, the Movers did not miss anything by not getting to do another exam years after the surgery.

In addition, the pre-surgical condition of Mr. Burnett's back is extraordinarily well-documented in medical records and medical imaging. There are over 650 radiology images that provide detailed radiological images of Mr. Burnett's lumbar spine from all angles and all levels.[46] These images were taken on three separate occasions over the approximate two-year period preceding the September 2022 surgery. In addition, Mr. Burnett's treating physicians documented their analyses on the condition of Mr. Burnett's lumbar spine in radiology reports and medical records.[47]

Finally, the testimony of the Appellees' chosen IME doctor definitively shows that the Movers did not suffer prejudice. He testified that he is able to render an opinion that Mr. Burnett did not need surgery based solely on the available records.[48] He also testified that the absence of a pre-surgical physical exam had no effect *at all*

---

[46]     ROA.23-30839.5844; ROA.23-30839.5916; ROA.23-30839.6012; ROA.23-30839.6122

[47]     *See, e.g.*, ROA.23-30839.5988 (analyzing the MRI imaging captured on Nov. 18, 2022 of Mr. Burnett's lumbar spine) the medical condition of Mr. Burnett's lumbar spine as it existed on Feb. 3, 2022).

[48]     ROA.23-30839.7859-7864

on his medical opinions regarding Mr. Burnett.[49] As a result, the Appellees did not suffer prejudice that warranted the exclusion of evidence.

## E.    The Need For Deterrence Is Small.

On the deterrence side of the sanction's equation, the incredibly short time frame between the IME order and the surgery in this case—mere days—creates a unique and unfortunate situation that is unlikely to occur again. The exclusion of Mr. Burnett's surgeries is thus far too harsh under the facts. Any possible aspect of deterrence is sufficiently met in this case by the entry of an adverse inference for the surgeries at issue. The exclusion of Mr. Burnett's surgeries was not warranted.

## CONCLUSION

For the reasons stated above, this Court should vacate the District Court's sanctions order against Mr. Findley and Mr. Burnett.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens
Louisiana Bar No. 27225
SCHONEKAS, EVANS, MCGOEY &
MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112
(504) 680-6050
billy@semmlaw.com

*Counsel for Appellant J. Kyle Findley*

---

[49]    ROA.23-30839.7898; ROA.23-30839.7903-04; ROA.23-30839.7912

/s/ Bob Wynne

Bob Wynne
Texas Bar No. 24060861
THE WYNNE FIRM, P.C.
24 Greenway Plaza, Suite 500
Houston, Texas
(281) 813-8959
service@justwynnelaw.com

*Attorney for Appellant Patrick Burnett*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of April, 2024, the foregoing Brief of Appellants has been filed with the Clerk of Court using the CM/ECF system and served via electronic transmission in portable document format (.pdf) to the CM/ECF internet web portal for this Court on all counsel of record.

*/s/ William P. Gibbens*
William P. Gibbens
*Counsel for Appellant J. Kyle Findley*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 3,974 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

*/s/ William P. Gibbens*
William P. Gibbens
*Counsel for Appellant J. Kyle Findley*